IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF/RESPONDENT

VS.                              CASE NO. 3:13-cr-30008-PKH-MEF-1

PEDRO MUNOZ CASILLAS                                               DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant/Petitioner's Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody (Doc. 76), which the Court construes to be a motion brought pursuant to 28 U.S.C. § 2255. The United States filed its Response on August 9, 2016. (Doc. 81)  Petitioner has not filed a reply.  The matter is ready for Report and Recommendation.

**I.  Background**

On April 24, 2013, Defendant/Petitioner, Pedro Munoz Casillas ("Casillas"), was named in an Indictment charging him with: conspiracy to distribute more than 500 grams of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846 (Count One); aiding and abetting in knowingly and intentionally possessing with intent to distribute more than 500 grams of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2 (Count Two); aiding and abetting in knowingly and intentionally distributing methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Count Three); being an alien illegally and unlawfully in the United States, knowingly possessing a firearm which had previously traveled through interstate commerce, in violation of 18 U.S.C. §§

922(g)(5) and 924(a)(2) (Count Four); and, being an illegal alien who had been previously removed or deported from the United States on or about January 7, 2009, was found to be in the United States, having knowingly and unlawfully re-entered this country, in violation of 8 U.S.C. § 1326(a) (Count Five).  (Doc. 1)  Casillas was arrested on May 9, 2013, and he appeared for arraignment before the Hon. James R. Marschewski, Chief United States Magistrate Judge, on May 14, 2013, at which time Casillas entered a not guilty plea to the Indictment.  (Doc. 10)

On August 22, 2013, Casillas appeared before the Hon. P. K. Holmes, III, Chief United States District Judge, for a change of plea hearing.  (Doc. 39)  Pursuant to a written Plea Agreement (Doc. 40), Casillas pleaded guilty to Counts One and Four of the Indictment charging him with conspiracy to distribute more than 500 grams of methamphetamine and being an illegal alien in possession of a firearm.  (Doc. 39; Doc. 40, ¶ 1)  The Court reserved approval of the plea agreement pending completion of a presentence report.  (Doc. 39)

An initial Presentence Investigation Report ("PSR") was prepared on October 25, 2013.  (Doc. 45)  In it, the drug quantity Casillas was found to be accountable for resulted in a base offense level of 36.  (Doc. 45, ¶¶ 26, 32)  A two level specific offense characteristic enhancement was applied, pursuant to U.S.S.G. § 2D1.1(b)(1), as a pistol was found in a vehicle inside the storage unit where Casillas was located at the time of the methamphetamine sale and arrest.  (Doc. 45, ¶ 33)  After a reduction of three levels for acceptance of responsibility (Doc. 45, ¶¶ 39, 40), Casillas' total offense level was determined to be 35 (Doc. 45, ¶ 41).

Casillas was found to have zero criminal history points, placing him in criminal history category I.  (Doc. 45, ¶ 49)  For Count One, the statutory minimum term of imprisonment is 10 years, and the maximum term of imprisonment is life; for Count Four, the statutory maximum term of

imprisonment is 10 years. (Doc. 45, ¶ 75) Based on a total offense level of 35 and a criminal history category of I, the advisory guideline range for imprisonment was 168 to 210 months. (Doc. 45, ¶ 76) The United States did not state any objections to the PSR. (Doc. 49) Casillas made three objections to the PSR, two of which did not affect the guidelines calculation. (Doc. 53) Casillas did object to the two level enhancement for possessing a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1), arguing that "[w]hile the allegations in paragraph 20 of the PSIR are sufficient to demonstrate Defendant's legal possession of the pistol as a matter of law, the allegations contained in paragraphs 20 and 33 of the PSIR do not demonstrate, as a matter of law, a nexus or relationship between the unloaded pistol at issue and the narcotics offense to which Defendant has pleaded guilty ..." (Doc. 53, p. 2) A final PSR was submitted to the Court on December 18, 2013, and U. S. Probation modified paragraph 20 to include "unloaded" before the description of the gun, but otherwise the PSR was not amended as to the two level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). (Doc. 54-1)

      Casillas appeared for sentencing on February 5, 2014. (Doc. 57) The Court made inquiry that Casillas was satisfied with his counsel; the PSR, and Casillas' objections, were reviewed in open court, and the PSR was adopted; final approval of the plea agreement was expressed; counsel and Casillas were afforded the opportunity to make statements; and, the Court imposed a guidelines sentence of 135 months imprisonment on Count One, plus five years supervised release, a sentence of 120 months imprisonment on Count Four, to run concurrently, no supervised release on Count Four, no fines, and a total of $200.00 in special assessments. (Doc. 57) Judgment was entered by the Court on February 6, 2014. (Doc. 59) The sentences imposed reflect the Court's finding that Casillas should be held accountable for 493.1 grams of methamphetamine actual, which reduced the

base offense level to 34 and the total offense level to 33; and, with a criminal history category of I, the advisory guidelines range for imprisonment was determined to be 135 to 168 months. (Doc. 60) Casillas did not pursue a direct appeal from the Judgment.

On August 27, 2015, the Court entered Orders (Docs. 73, 74) granting Casillas' motions to reduce sentence (Docs. 69, 71), and Casillas' term of imprisonment on Count One was reduced to 120 months, and his term of imprisonment on Count Four was reduced to 108 months, to run concurrently.

On July 11, 2016, Casillas filed his *pro se* Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody. (Doc. 76) Casillas' motion cites the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015), and he vaguely argues that his sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon or firearm is invalidated by *Johnson*; alternatively, Casillas requests that the Court "run his sentence concurrent." (Doc. 76, p. 3) The United States' response to the motion was filed on August 9, 2016. (Doc. 81) In its response, the United States argues that Casillas' motion is untimely, that *Johnson* is inapplicable to the two level sentence enhancement under U.S.S.G. § 2D1.1(b)(1), and that Casillas' request that his sentences be run concurrent is moot as the Court has already done so. Casillas has not filed a reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Cassilas' motion, the United States' response, and the files and records of this case conclusively shows that Casillas is not entitled to relief under *Johnson*, and the undersigned recommends the denial and dismissal of his motion with prejudice without an evidentiary hearing.

### A. Timeliness

The United States first contends that Casillas' motion should be dismissed as untimely. The undersigned concludes that Casillas' motion is untimely, but not for the reasons asserted by the Government.

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States perceives the operative date in this case as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2255(f)(3). It argues that since *Johnson* was decided on June 26, 2015, and Casillas waited until July 11, 2016 to file his motion, more than one year passed before the filing of the instant motion. This argument, however, overlooks the "prison mailbox rule" which, when taken into account, would place the filing of Casillas' motion within one year from the *Johnson* decision.

   Rule 3(d) of the Rules Governing Section 2255 Proceedings provides the following:

>   "A paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

It is Casillas' burden to show his entitlement to the benefit of the prison mailbox rule. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001). Casillas signed a certificate of service at the end of his motion that declares on June 20, 2016, an original and copies of the motion "was mailed in a sealed, postage prepaid envelope" addressed to the Clerk of the Court and "placed in this institution mailing system." (Doc. 76, p. 6) The undersigned finds that Casillas has complied with the "prison mailbox rule," and that his motion was filed with the Clerk within one year of the date

-6-

of the *Johnson* decision. That finding, however, does not end the matter.

For the reasons more fully discussed below, the *Johnson* decision is inapplicable to the instant case, and the operative date for limitations purposes in this case is actually "the date on which the judgment of conviction becomes final." Casillas' Judgment was entered on February 6, 2014. (Doc. 59) Had Casillas wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Casillas did not file an appeal, and his judgment of conviction thus became final on February 20, 2014. *See Murray v. United States*, 313 Fed. App'x. 924 (8th Cir. 2009). From that date, Casillas had one year, or until February 20, 2015, to timely file his § 2255 habeas petition. Casillas filed his § 2255 Motion on July 11, 2016, which was nearly 17 months after the limitations period expired. Further, Casillas has failed to allege and demonstrate the presence of either statutory or equitable reasons to toll the limitations period, so any such tolling would be inappropriate.

Accordingly, because the motion has been filed beyond the applicable one year period of limitation, the Court lacks jurisdiction to consider the merits of Casillas' claims, and the motion should be summarily dismissed.

### B. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

The United States argues, however, that the *Johnson* rule is inapplicable to Casillas' sentence which was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) and not the ACCA. (Doc. 81, p. 4) The undersigned agrees.

### C.  U.S.S.G. § 2D1.1(b)(1) Enhancement

Casillas alleges that under the specific offense characteristics of U.S.S.G. § 2D1.1(b)(1), "petitioner's sentence was increased due to his prior felonies (sic) convictions or possession of a dangerous weapon or firearm," then he cites *Johnson* in a vague and conclusory argument that "this court could grant this motion and reduce his sentence." (Doc. 76, p. 3) The argument has no merit.

As reported in the PSR, Casillas had zero criminal history points (Doc. 45, ¶ 49), so he had no prior felony convictions to support a sentence enhancement under the ACCA. Instead, Casillas' advisory guidelines calculation was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) because a pistol was found in a vehicle inside the storage unit where Casillas was located at the time of the methamphetamine sale and arrest. (Doc. 45, ¶ 33) The PSR states that "the CS called Casillas again

and made arrangements with Casillas to meet at a storage facility on Highway 62, between Eureka Springs and Berryville, Arkansas" (Doc. 54, ¶ 17); Casillas and Keys (co-defendant) were at the storage facility standing in front of an open storage unit when the CS arrived" (Doc. 54, ¶ 18); "Casillas showed the CS a large plastic bag of suspected methamphetamine and told him or her they would have to go to his house to weigh the four ounces of methamphetamine" (Doc. 54, ¶ 18); and, "[t]he CS gave the $3,000 in authorized buy funds to Casillas as payment for the methamphetamine[,]" then law enforcement revealed themselves and arrested Casillas (Doc. 54, ¶ 18).  Further, the PSR reports that "Casillas said he rented the storage unit and gave permission to search it"; inside of the storage unit was a Toyota vehicle "that Casillas said belonged to him"; and, "[i]nside of the vehicle was an unloaded Star 9mm caliber pistol, model 30M, serial number 2141483, a loaded magazine, and drug paraphernalia." (Doc. 54, ¶ 20)  Casillas made no objections to the facts contained in paragraphs 17 and 18 of the PSR; moreover, while he objected to the two level enhancement under U.S.S.G. § 2D1.1(b)(1), he did not object to the facts set forth in paragraph 20 of the PSR, and he admitted that those facts "are sufficient to demonstrate [his] legal possession of the pistol, as a matter of law."  (Doc. 54-1, p.1)

      Unlike the ACCA at issue in *Johnson*, which involves whether a defendant's prior convictions are "violent felonies," the two level specific offense characteristic enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) concerns whether "a dangerous weapon (including a firearm) was possessed."  The enhancement "reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1(b)(1), Application Note 11.  Casillas effectively admitted that the pistol, which was found in a vehicle that belonged to him (and in which a loaded magazine of ammunition and drug paraphernalia were also found), which vehicle was located in a storage unit

rented by him, at which place Casillas had agreed to and did meet for the purpose of a sizeable drug transaction, was in his legal possession.[1] Casillas' only argument in his objection to the enhancement is whether such facts are sufficient to establish that "it is clearly improbable that the weapon was connected with the offense." The argument has nothing to do with the rule announced in *Johnson*, and the undersigned must conclude that *Johnson* is inapplicable to the instant case.

### D. Procedural Default

The United States also argues that whether U.S.S.G. § 2D1.1(b)(1) applies is a matter for direct appeal and not for collateral review. (Doc. 81, p. 4) The United States is correct, and Casillas has procedurally defaulted his claim on this point.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543,

---

[1] Rightly so, as the Eighth Circuit has held on numerous occasions that constructive possession of a dangerous weapon or firearm is sufficient to support the sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). *See United States v. Anderson*, 618 F.3d 873, 879-80 (8th Cir. 2010) ("We have found constructive possession where police found weapons after a defendant's arrest in a storage facility rented in the name of someone other than the defendant.") (citing *United States v. Montayne*, 962 F.2d 1332, 1347-48 (8th Cir. 1992).

2546-47, 81 L.Ed.2d 437 (1984). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*.

Here, Casillas did not pursue any relief on direct appeal. By failing to do so, Casillas procedurally defaulted the claim he now raises.

This procedural default may be excused only if Casillas "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991).

Casillas makes no such showing here. Casillas fails to demonstrate how the factual or legal basis for his claim was not reasonably available to him in time to pursue relief on direct appeal. His counsel had objected to the § 2D1.1(b)(1) enhancement and preserved the issue for appeal. Casillas was, therefore, clearly informed of this claim in time to pursue relief on direct appeal. He simply failed to do so.

Further, there is no assertion by Casillas that some interference by government officials, or some external impediment, prevented him from raising his claim on direct appeal.

Since Casillas has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)). Even so, Casillas has presented absolutely no new, reliable evidence to support his challenge to the voluntary and intelligent nature of his guilty plea. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Casillas has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the sentencing claim he now asserts, and his § 2255 Motion should be dismissed.

### E.  Concurrent Sentence Claim

Casillas also requests, alternatively, that the Court "run his sentence concurrent." (Doc. 76, p. 3)  As the United States points out in its response, this issue is moot as the original Judgment (Doc. 59) and the Order granting Casillas' motions to reduce sentence (Doc. 72) provide that the sentences imposed are to be served concurrently.

### F.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  Such are the circumstances in this case where Casillas has alleged virtually no facts to support his claims.  Accordingly, the undersigned recommends the summary dismissal

of Casillas' § 2255 Motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Casillas' claims are unsupported by the record in this case.  I recommend that Casillas' motion (Doc. 76) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of September, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE